TORREY *versus* BERRY *&* *als.*

Where a poor debtor makes a disclosure, before two justices of the peace and quorum, of property liable to attachment, and the same is demanded by the creditor within thirty days from the disclosure, the creditor is not restricted to the officer's return on the execution, for proof of a demand and refusal to deliver the property, but may show those facts by parol evidence.

If a poor debtor makes a disclosure, and still commits a breach of his bond, by not delivering the property disclosed, though no evidence is offered of the value of such property, the obligee is entitled to recover the real and actual damage upon all the evidence submitted.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding. DEBT, on a poor debtor's relief bond.

A disclosure was made within the six months allowed in the bond, by the debtor, and the oath prescribed by law administered to him, on Dec. 8, 1851.

The plaintiff introduced a written statement of the Justices of same date, that the debtor disclosed one grindstone, one brass clock, between three and four hundred pounds of hay, two bushels of oats, one mill chain, six thousand pine shingles, and two bedsteads, liable to be levied on by the creditor's execution, on which the debtor was arrested, and that they adjudged the same necessary for the security of the creditor.

The execution upon which the arrest was made and bond given, was dated Oct. 25, 1851, and the release of the body by giving the bond, Nov. 1, 1851.

On this execution was a return dated Jan. 6, 1851, by a constable, certifying that he then made a demand on the debtor, for the property disclosed, and he refused to deliver it, which the plaintiff offered as evidence of those facts.

This was objected to by defendants, but admitted by the Judge.

The plaintiff also produced a witness, who testified, against the objection of defendants, that at the request of the officer signing that return, he wrote it, and it was signed on January 6, 1852.

On this branch of the case, the Judge instructed the jury, that they might take into consideration the date of the execu-

tion, and of the other return in connection with the date of that return, and if they found it was dated in 1851, by mistake, when it was really made on Jan. 6, 1852, then it would be conclusive evidence of the demand and refusal as stated therein.

No evidence was submitted of the value of any of the articles mentioned in the return.

The Court instructed the jury that if they found, from the testimony in the case, *that* a demand within thirty days from December 8, 1851, was made by said officer, on said execution, upon the debtor, to deliver said articles, and he refused to surrender them, or any of them, or if he concealed them, or any of them, or had otherwise disposed of them, then the bond was broken, and the plaintiff was entitled to a verdict for nominal damages at least.

The defendants requested these instructions : —

1. That as plaintiff claimed to recover the value of said articles, as damages, or a part of the damages, in this action, the burden of proof was on the plaintiff to show their value, and there was no testimony in the case to prove their value, he was not legally entitled to recover any thing as damages for said articles; and 2d, that if he was legally entitled to recover any sum as damages for said articles, it was only a nominal sum as the value of said articles.  These instructions were refused.  But the Court did instruct the jury that they might render a verdict for such damages, as, from the whole testimony in the case, they might believe the plaintiff was entitled to recover.

The verdict was for plaintiff, for $36,48, and defendants excepted.

*A. Sanborn*, for defendants.

The date of the officer's return was a material part of it, and parol testimony cannot be admitted to contradict an officer's return.  *Fairfield* v. *Paine*, 33 Maine, 506.

A breach of the bond having been proved, under the law of 1848, c. 85, § 2, the plaintiff was entitled to recover " the real

and actual damage and no more." *Hatch* v. *Lawrence*, 29 Maine, 488.

What were those damages? Plainly the value of the property disclosed, for the principal defendant had taken the oath, and there was nothing else left for plaintiff.

Will it be said, that in the absence of proof of their value, the jury might legally presume that the property was of the average value of a similar denomination? Presumptions of law or fact are founded on reason. What reason was there for supposing that the grindstone, for instance, was of average value of grindstones? There is no standard to judge by. So of the hay, the jury could not know what kind it was. Suppose that the plaintiff had owned the property, and had proved a conversion of it by the defendant, in an action of trover, and did not prove the value of it, what could he recover? Clearly only nominal damages. *Gowen* v. *Newell*, 2 Maine, 13.

In actions on policies of insurance, if there is no proof of the amount of the loss, the plaintiff will recover only nominal damages. 4 Maine, 51, and 5 Maine, 94.

To sustain the defendants' views, the case of *Waldron* v. *Berry*, 22 Maine, 487, is a strong case, and to the same point may be cited *Burbank* v. *Berry*, same volume, 483.

The case of *Sargent* v. *Pomeroy*, 33 Maine, 388, does not in effect militate against those authorities.

*C. P. Brown*, for the plaintiff.

TENNEY, J. — The exceptions are attempted to be sustained on two grounds. — First, that after the return of an officer, upon the execution against the debtor, was introduced to prove the demand for the personal property disclosed, of a debtor, and his refusal to deliver it, dated January 6, 1851, it was incompetent to show, that it was at a different time. — Second, that the instructions touching the damages requested, and withheld, were correct, and those given erroneous.

1. It was necessary for the plaintiff's recovery upon the land to show a demand of the property within thirty days after the disclosure, and a refusal, by an officer, having the

execution, and while it was in force. It was not necessary, that the evidence of this should be in an officer's return. Consequently, if from other evidence, it was satisfactorily proved to the jury, that there was a mistake in the date, they would be authorized to treat it as an error, and render their verdict upon the truth of the case. It was competent for the plaintiff to introduce the documentary and parol evidence upon that point, which was objected to by the defendants, and the whole was proper for the consideration of the jury.

2. The property demanded by the officer, had been specifically disclosed by the debtor, as owned by him. It is not shown, that the plaintiff ever saw it or knew where it was to be found. No evidence of the value of these articles was introduced by either party, excepting so far as the name of each and the quantity of some of them would imply.

The Judge was requested to instruct the jury, that the burden of proof was on the plaintiff to show their value. And as there was no testimony on that point, he was not legally entitled to recover any thing; and if any thing, nominal damages only. This request was not granted, but the jury were instructed, that they could render a verdict for such damages, as, from the whole testimony in the case, they might believe the plaintiff was entitled to recover.

If a breach of the bond in any case is proved, when there has been a disclosure before two justices of the peace and of the quorum, the damages are not restricted necessarily to the value of the property, which the plaintiff has been wrongfully deprived of by the debtor, as he has proved it to be, or as the jury shall find that value under all the evidence adduced; but the amount assessed shall be the real and actual damage, and no more; and any legal evidence upon that point may be introduced by either party. The instruction given was not inconsistent with this provision, and those requested were properly withheld.    *Exceptions overruled.*

SHEPLEY, C. J., and RICE and HATHAWAY, J. J., concurred.